NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FORTUNATO QUINTANA, | |
| Plaintiff, | Hon. Harold A. Ackerman |
| v. | Civil Action No. 06-5388 (HAA)(ES) |
| THOMAS M. MUSA and J.B. HUNT TRANSPORT, INC. and AIG INSURANCE CO., | **OPINION AND ORDER** |
| Defendants. | |

Beverly G. Giscombe, Esq.
LAW OFFICES OF GISCOMBE AND RAVENELL
132 Evergreen Place 3rd Fl.
East Orange, New Jersey 07018
*Attorney for Plaintiff*

Richard DiTomaso, Esq.
900 N. Kings Highway, Suite 302
Cherry Hill, New Jersey 08034
*Attorney for Defendant, J.B. Hunt Transport, Inc.*

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on a motion by Plaintiff Fortunato Quintana to remand the proceedings to the Superior Court of New Jersey, Essex County, pursuant to 28 U.S.C. § 1447(c). Defendant J.B. Hunt Transport, Inc. ("J.B. Hunt") removed the action to this Court, and now opposes a remand.[1] This Court referred this motion to Magistrate Judge Esther

---

[1] In a letter dated December 7, 2006, Plaintiff objected to Defendant's "pending *motion* for removal for this action to" this Court. (Pl.'s Letter at ¶ 2 (emphasis added).) For the sake of

1

Salas, who entered a Report and Recommendation ("R&R") on April 23, 2007. Magistrate Judge Salas recommended that Plaintiff's motion to remand be granted.[2] After a thorough review of the record and the R&R, the Court agrees with Magistrate Judge Salas's conclusion.

I.   **BACKGROUND**

On November 16, 2004, Plaintiff and Defendant Thomas M. Musa ("Musa"), were involved in a motor vehicle accident at or near the intersection of McCarter Highway and Miller Street, in Newark, New Jersey. Plaintiff alleges severe physical and mental injuries as a result of the accident. The Complaint alleges that the accident was the result of Musa's negligence in the operation of a vehicle he was driving while in the scope of his employment with Defendant J.B. Hunt. Plaintiff also brought a claim against his insurance carrier, AIG Insurance Co. ("AIG"), for failure to pay for his medical treatment after the collision.

---

clarification, this Court notes that in order to complete removal of a case, it is not necessary for a defendant to file a motion or secure an order from either the state or federal court. *See* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3730 (3d ed. 2006). Instead, a defendant must only file a notice of removal. In the notice of removal, the defendant need only state the grounds for removal. *Id.*; 28 U.S.C. § 1446(a). After filing in federal court, the defendant must provide notice to the plaintiff and file a copy of the notice of removal with the state court in which the action originated. 28 U.S.C. § 1446(d). In accordance with 28 U.S.C. § 1447(c), a plaintiff may challenge the propriety of the removal by filing a motion to remand.

Here, as noted above, Plaintiff filed a letter with this Court objecting to Defendant's "motion for removal." For the reasons discussed above, Defendant was not required to file any removal "motion"; Plaintiff, however, was the party charged with the responsibility of filing a formal motion to remand. However, because Defendant has already seized the opportunity to file a "Reply Brief to Plaintiff's Objection to Removal Petition," this Court will treat Plaintiff's December 7, 2006 letter as if it had been properly filed as a motion to remand. Judicial economy supports such approach and Defendant is not prejudiced by such treatment.

[2] Notably, Defendant has failed to raise any objections to Magistrate Judge Salas's R&R in accordance with Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72.1(c)(2).

2

On September 15, 2006, Plaintiff filed suit in the Superior Court of New Jersey, Law Division, Essex County. The three-count Complaint alleges negligence, as to Musa and "John Doe" drivers. The Complaint also asserts a claim against AIG for failure to pay insurance benefits as a duly licensed casualty insurance carrier pursuant to N.J.S.A. § 39:6a-12 *et seq*. The Complaint was served on J.B. Hunt on or about October 16, 2006. Apparently, the Complaint was not properly served on Musa, as service was returned as undeliverable due to an incorrect mailing address. Importantly, there is no indication in the record, and the parties do not dispute, whether AIG was properly served. Neither AIG nor Musa have appeared in this action.

Plaintiff's Complaint contained no specific demand for damages as to any count in the Complaint or as to any Defendant. Accordingly, on or about November 3, 2006, J.B. Hunt demanded that Plaintiff provide a statement of damages pursuant to New Jersey Court Rule 4:5-2. J.B. Hunt asserts that by letter dated November 8, 2006, Plaintiff responded that the damages sought were $1,000,000 per count of the Complaint.

Soon thereafter, on November 10, 2006, J.B. Hunt filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, alleging subject matter jurisdiction under 28 U.S.C. § 1332. In a letter dated December 7, 2006, Plaintiff proffered several objections to removal and arguments in support of remand.[3] Although Magistrate Judge Salas's R&R addressed each of these objections, this Court need only address Plaintiff's argument that remand is required in accordance with 28 U.S.C. §§ 1441 and 1447(c) where, as here, neither Musa nor AIG consented to removal.

---

[3] Specifically, Plaintiff argued that removal was improper because: (1) J.B. Hunt waived its ability to remove when it filed an Answer to Plaintiff's Complaint in the Superior Court; (2) lack of diversity of citizenship; (3) failure to meet the amount in controversy requirement; and (4) failure to obtain consent of all defendants prior to removal.

**II.     ANALYSIS**

    **A.     REVIEW OF A REPORT AND RECOMMENDATION**

Federal Rule of Civil Procedure 72(b) vests a United States magistrate judge with authority to hear a pretrial matter dispositive of a party's claim or defense and to enter a recommendation for disposition of the matter. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1). Any party objecting to the recommended disposition of the matter may serve and file specific, written objections within ten days of being served with the magistrate judge's recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2). Thereafter, the district judge "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2).

    **B.     STANDARD OF REVIEW**

An action filed in state court may be removed to a federal court if the case could have originally been brought in that federal forum. 28 U.S.C. §§ 1441(a), 1446(a); *see also City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997). A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that a removed case shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." The facts supporting jurisdiction are evaluated "according to the plaintiff's pleading at the time of the petition for removal," and the party removing the action bears the burden of establishing federal subject matter jurisdiction. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). In this Circuit, removal statutes are strictly construed against removal and any doubts are resolved in favor of remand. *Boyer v. Snap-on Tools Corp.*, 913

F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

   **C.**  **UNANIMITY REQUIREMENT OF 28 U.S.C. §§ 1446(A).**

Pursuant to 28 U.S.C. §§ 1446(a), "[a] defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal." The Third Circuit has recognized that although the term "defendant or defendants" is ambiguous, "it is well established that removal generally requires unanimity among the defendants." *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) (citing *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247 (1900)); *see also Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition."). Consequently, within the meaning of § 1447(c), it is a defect in removal procedure where all defendants do not join in the removal. *Balazik*, 44 F.3d at 213. Although a failure of all defendants to consent to remove is a defect in removal procedure, and not a jurisdictional defect, remand is nevertheless appropriate under § 1447(c). *Balazik*, 44 F.3d at 213 ("Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure.") (quoting *PAS v. Travelers Ins. Co.*, 7 F.3d 349 (3d Cir. 1993)). Here, J.B. Hunt is the only defendant that has appeared in the action and, critically, is the only defendant that seeks removal. To date, AIG and Musa have not consented to J.B. Hunt's removal of the matter to this Court. Accordingly, at this time, removal is defective under § 1447(c), and remand is appropriate.

It should be noted, however, that the general requirement for unanimity among removing defendants may be disregarded under certain circumstances. These limited circumstances

include where "a non-joining defendant is an unknown or nominal party," "a defendant has been fraudulently joined," or "a non-resident defendant has not been served at the time the removing defendants filed their petition." *Balazik*, 44 F.3d at 213 n.4 (citations omitted). Notwithstanding J.B. Hunt's failure to assert any of these exceptions, as noted by Magistrate Judge Salas, these exceptions do not apply in the instant matter. *See, e.g.*, *Shadley v. Miller*, 733 F. Supp. 54, 55 (E.D. Mich. 1990) ("Because a petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants, defendants have failed to comply with the statutory provisions concerning removal.") (citation and quotation marks omitted). Although J.B. Hunt asserted in its notice of removal that, to its knowledge, no service had been effected on Musa,[4] J.B. Hunt does not suggest that AIG has not been served. In the R&R, Magistrate Judge Salas noted that neither Plaintiff nor J.B. Hunt has indicated that AIG was not served. Additionally, J.B. Hunt does not assert that AIG or Musa are unknown or nominal parties, or that either has been fraudulently joined. Consequently, J.B. Hunt has not provided any explanation to this Court why its co-defendants--especially AIG--did not join in or consent to removal. Neither J.B. Hunt's notice of removal nor its Reply Brief provide an explanation for this failure. Accordingly, this Court is unable to disregard the general requirement under § 1446(a) for unanimity among removing defendants. It is a procedural defect that Musa and AIG have not joined in J.B. Hunt's removal. Therefore, as recommended by Magistrate Judge Salas, remand is appropriate pursuant to § 1447(c).

---

[4] Apparently, Plaintiff attempted to serve Musa by mail at his home address. However, J.B. Hunt indicates that Plaintiff "attempted to serve Musa at the wrong address . . . 831 W. Jordan when the address is 1831 W. Jordan." (Def. Reply Br. at 2.)

**III.     CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that Plaintiff's motion to remand is GRANTED.  It is hereby further ORDERED that this case is REMANDED to the Superior Court of New Jersey.


Newark, New Jersey
Dated: May 17, 2007

                                           /s Harold A. Ackerman
                                           U.S.D.J.